## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

**SHELTER MUTUAL INSURANCE COMPANY,**

      **Plaintiff,**

**v.**

**STEVEN MCKINNEY and RYAN DALE KING,**

      **Defendants.**                     **No. 11-cv-674-DRH-SCW**

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

## I.    INTRODUCTION

Pending before the Court is plaintiff Shelter Mutual Insurance Company's (Shelter Mutual) motion for summary judgment (Doc. 23). Shelter Mutual requests that the Court enter judgment in its favor finding it has no duty to defend or indemnify defendant Steven McKinney (McKinney) in *Ryan Dale King v. Steve McKinney*, 2009-L-191, in the Circuit Court of Williamson County, Illinois (King Complaint).[1]  As defendant McKinney has responded in opposition (Doc. 25), this

---

[1] The Court notes slight confusion as to the venue of the underlying complaint, as the caption of the complaint (Doc. 2-4) lists Franklin County, Illinois, while the summons attached lists Williamson County, Illinois. However, as Shelter Mutual and the answer to the underlying interrogatories (Doc. 23-1) name Williamson County, Illinois as the venue of the underlying lawsuit, the Court presumes Williamson County is the correct venue. This confusion has no bearing on the Court's substantive ruling.

dispute is ripe for judicial resolution.[2] For the following reasons, Shelter Mutual's motion for summary judgment is **GRANTED**.

## II.   BACKGROUND

This declaratory judgment action seeks a finding of this Court that Shelter Mutual has no duty to defend or indemnify McKinney in relation to the King Complaint. Shelter Mutual issued the relevant homeowners' insurance policy (Policy) to Jill and Steven McKinney, policy number 12-71-003795495-0001, effective from December 7, 2007 through December 7, 2008 (Doc. 2-1). The Policy provides personal liability coverage to the insured (McKinney) for sums the insured becomes legally obligated to pay as damages, provided those damages result from an "accident" (Doc. 2-3, p. 5).

The two-page, one-count King Complaint alleges McKinney "did strike and beat" Ryan Dale King (King), on or about December 6, 2008, in Royalton, Illinois, outside Enrico's, a bar. The King Complaint further alleges the "beating . . . was intentional," was the "proximate cause" of King's "serious physical injuries which resulted in the need for medical attention and dental attention" and "thousands of dollars in medical bills and anticipated future medical bills and future dental expenses." Thus, the King Complaint seeks "medical expenses, pain and suffering, future medical damages, and punitive damages" that "exceed $50,000.00" (Doc. 2-4). McKinney tendered the King Complaint to Shelter Mutual and requested that it

---

[2] The Court notes that defendant Ryan Dale King did not respond to the allegations of Shelter Mutual's motion for summary judgment.

defend and indemnify him pursuant to the Policy (Doc. 2). Thus, Shelter Mutual

filed the instant declaratory judgment action in August 2011.

The relevant portions of the Policy are as follows:

## DEFINITIONS USED THROUGHOUT THIS POLICY

1. **Accident** means an action or occurrence, or a series of actions or occurrences, that:
   (a) started abruptly,
   (b) during the policy period, and
   (c) directly resulted in **bodily injury** or **property damage**.

   .    .    .

   **Accident** does not mean:
   (a) an action or occurrence that any **insured** intended to result in **bodily injury** or **property damage**, of any type;
   (b) an action or occurrence that is intended by any **insured**, if a reasonable **individual** would expect it to result in **bodily injury**, or **property damage**, of any type; or
   (c) an intentional action by any **person** that does not immediately result in **bodily injury** or **property damage**, but ultimately does result in such because of its repetition or the repetition of similar actions.

(Doc. 2-1, p. 10).

.    .    .

## SECTION II- PERSONAL LIABILITY AND MEDICAL PAYMENT PROTECTION

**COVERAGE E- PERSONAL LIABILITY**
INSURING AGREEMENT
Subject to the limit of **our** liability stated in this section, **we** will pay on behalf of an **insured**, all sums that such **insured** becomes legally obligated to pay as damages, if those damages result from an **accident**.

.    .    .

EXCLUSIONS
We do not cover:

.    .    .

5. **Bodily injury** or **property damage** that any **insured** intended to cause.

.   .   .

19. **Bodily injury** or **property damages** arising out of any activity of any **insured** that would constitute a felony under the laws of the state in which such activity occurred, whether or not such **insured** is actually charged with a crime for that activity.

 (Doc. 2-3, pp. 5-6).

Based on the above provisions, Shelter Mutual argues it has no duty to defend McKinney as the factual allegations of the King Complaint do not allege an accident, but only intentional conduct. Thus, as the policy specifically excludes coverage for intended acts, the allegations of the King Complaint do not fall within the coverage provided by the Policy. Moreover, in anticipation of McKinney's response, Shelter Mutual notes the Policy does not contain a self-defense exception to the intentional acts exclusion. Accordingly, Shelter Mutual has no duty to defend or thus indemnify McKinney in the King Complaint.

In response, McKinney expectantly states that his answer to the King Complaint alleges the following affirmative defense:

> That prior to the time of the occurrence in question as set forth in Plaintiff's Complaint, Plaintiff Ryan Dale King was guilty of certain conduct which proximately caused or contributed to the cause of the occurrence and the alleged damages resulting therefrom.

(Doc. 25, p. 2). Thus, solely on the basis of McKinney's alleged affirmative defense to the King Complaint, which is most notably omitted from the record before this Court, McKinney argues his affirmative defense calls into question whether his conduct was indeed intentional. Accordingly, McKinney argues Shelter Mutual's

motion for summary judgment should be denied as a question of material fact exists regarding whether McKinney's conduct in the underlying suit was intentional. For the reasons stated below, the Court is not persuaded by McKinney's argument and finds the allegations of the King Complaint clearly encompass conduct not intended by the parties to be within the Policy's coverage.

### III.   LEGAL STANDARD

Summary judgment is proper when the pleadings, discovery, and disclosures establish that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. *Winsley v. Cook Cnty.*, 563 F.3d 598, 602–03 (7th Cir. 2009); Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). The movant bears the burden of establishing the absence of fact issues and entitlement to judgment as a matter of law. *Santaella v. Metro. Life Ins. Co.*, 123 F.3d 456, 461 (7th Cir. 1997) (citing *Celotex*, 477 U.S. at 323). A genuine dispute as to a material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Pugh v. City of Attica, Indiana*, 259 F.3d 619, 625 (7th Cir. 2001). The Court will enter summary judgment against a party who does not "come forward with evidence that would reasonably permit the finder of fact to find in [its] favor on a material question." *McGrath v. Gillis*, 44 F.3d 567, 569 (7th Cir.1995).

### IV.   DUTY TO DEFEND AND INDEMNIFY

As this case is before the Court pursuant to diversity jurisdiction and the parties do not raise a choice of law issue, the substantive law of Illinois controls

the instant dispute. *See Erie R. Co. v. Tompkins,* 304 U.S. 64 (1938); *Auto. Fin. Corp. v. Smart Auto Center, Inc.,* 334 F.3d 685, 688 (7th Cir. 2003). In Illinois and elsewhere, when called upon to construe an insurance policy, the court's primary concern is to ascertain and enforce the intention of the parties as expressed in the agreement. *See Crum & Forster Managers Corp.,* 156 Ill.2d 384, 391, 189 Ill.Dec. 756, 620 N.E.2d 1073 (1993). "Like any contract, an insurance policy is to be construed as a whole, giving effect to every provision, if possible, because it is assumed every provision was intended to serve a purpose." *Valley Forge Ins. Co. v. Swiderski Elecs., Inc.,* 223 Ill.2d 352, 362, 307 Ill.Dec. 653, 860 N.E.2d 307 (2006). If the words of the policy are unambiguous, the court will not search for ambiguities; it will apply the words' plain and ordinary meanings as written. *See id.* at 363 (citations omitted).

As to an insurer's duty to defend, Illinois courts employ the following analysis:

> 'To determine an insurer's duty to defend its insured, a court must look to the allegations of the underlying complaints. If the underlying complaints allege facts within or potentially within policy coverage, the insurer is obliged to defend its insured even if the allegations are groundless, false, or fraudulent.' *Northbrook Prop. & Cas. Co. v. Transp. Joint Agreement,* 194 Ill.2d96, 98, 251 Ill.Dec. 659, 741 N.E.2d 253 (2000). 'The insurer's duty to defend does not depend upon a sufficient suggestion of liability raised in the complaint; instead, the insurer has the duty to defend unless the allegations of the underlying complaint demonstrate that the plaintiff in the underlying suit will not be able to prove the insured liable, under any theory supported by the complaint, without also proving facts that show the loss falls outside the coverage of the insurance policy.' *Illinois Emcasco Ins. Co. v. Nw. Nat'l. Cas. Co.,* 337 Ill.App.3d 356, 361, 271 Ill.Dec. 711, 785 N.E.2d 905 (2003). '[T]he duty to defend does not require that the complaint allege or use

> language affirmatively bringing the claims within the scope of the policy. The question of coverage should not hinge on the draftsmanship skills or whims of the plaintiff in the underlying action.' *Illinois Emcasco Ins.*, 337 Ill.App.3d at 361, 271 Ill.Dec. 711, 785 N.E.2d 905, quoting *International Ins. Co. v. Rollprint Packaging Prods., Inc.,* 312 Ill.App.3d 998, 1007, 245 Ill.Dec. 598, 728 N.E.2d 680 (2000).

*Am. Econ. Ins. Co. v. Holabird & Root,* 382 Ill.App.3d 1017, 1022, 320 Ill.Dec. 97, 886 N.E.2d 1166, 1171 (2008).

The Policy provides coverage to McKinney during the operative time period for damages McKinney becomes legally obligated to pay that result from an "accident." The Policy specifically excludes from coverage "bodily injury or property damage that any insured intended to cause." Thus, Shelter Mutual states it has a duty to defend McKinney only if the King Complaint alleges bodily injury resulting from an "accident." To determine coverage, the Court must construe the definition of "accident" together with the policy's specific exclusion of coverage to bodily injury the insured intended to cause. *See Thornton v. Ill. Founders Ins. Co.,* 84 Ill.2d 365, 371, 49 Ill.Dec. 724, 418 N.E.2d 744 (1981).

The Policy defines an "accident" as "action or occurrence, or a series of actions or occurrences" that "started abruptly." It further states an "accident" is not an "action or occurrence that any insured intended to result in bodily injury," "intended by any insured, if a reasonable individual would expect it to result in bodily injury," or "an intentional action by any person that does not immediately result in bodily injury . . ., but ultimately does result in such because of its repetition or the repetition of similar actions" (Doc. 2-1, p. 10). Similarly,

> In Illinois, the term "accident" is defined as an unforeseen occurrence, usually of an untoward or disastrous character, with a result that is unintended and unexpected. The natural and ordinary consequences of an act do not constitute an accident. Expected injuries are those that should have been reasonably anticipated by the insured. Injuries are considered "expected" and excluded from coverage where the insured was consciously aware the injuries were practically certain to be caused by the conduct.

*Farmers Auto. Ins. Ass'n. v. Danner*, 2012 Il App (4th) 110461, 359 Ill.Dec. 806, 967 N.E.2d 836, 843 (2012) (citing *Pekin Ins. Co. v. Dial,* 355 Ill.App.3d 516, 520, 291 Ill.Dec. 400, 823 N.E.2d 986 (2005) (additional citations omitted)).

Although the King Complaint does not label the legal theory upon which King seeks to recover, it clearly encompasses a civil action for intentional conduct. Specifically, it alleges conduct amounting to battery as it alleges McKinney's "beating" of King was "intentional." Moreover, it only seeks recovery on an intentional tort theory. "An injury caused by an assault and battery is normally not considered to be accidental, even if the specific injury was not intended." *Aetna Casualty & Surety Co. v. Freyer*, 89 Ill.App.3d 617, 619, 44 Ill.Dec. 791, 411 N.E.2d 1157 (1980).

Shelter Mutual has a duty to defend McKinney in the underlying suit unless the allegations of the King Complaint demonstrate that King will not be able to prove McKinney liable under any theory supported by the King Complaint, without also proving facts that show the loss falls outside the coverage of the Policy. *See Illinois Emcasco,* 337 Ill.App.3d at 361. Based on the King Complaint's concise allegations that McKinney intentionally beat King, King will not be able to prove McKinney liable without also proving McKinney's conduct

was not an "accident" as defined above. Moreover, as King alleges McKinney's intentional beating proximately caused him serious physical injury, the allegations of the complaint encompass conduct specifically excluded from coverage. Further bolstering the exclusion of such conduct from coverage is the fact McKinney was criminally charged with battery as a result of the conduct alleged in the King Complaint (Doc. 23-1, p. 2).

McKinney's half-hearted attempt at defending this action argues his answer to the King Complaint, which he did not provide to the Court, creates a genuine issue of material fact as to Shelter Mutual's duty to defend him. McKinney alleges that his defense to the King Complaint is that, "King was guilty of certain conduct which proximately caused or contributed to the cause of the occurrence and the alleged damages resulting therefrom" (Doc. 25, p. 2). Thus, McKinney argues a "question of fact" exists as to whether McKinney's conduct was intentional and Shelter Mutual's motion should be denied.

Although McKinney does not provide case law in support of his position, Shelter Mutual has provided authority against it. In *Danner,* a very similar issue as to the one McKinney now raises was before the court. *See Danner,* 967 N.E.2d 836. The appellate court found the plaintiff insurance company did not have a duty to defend conduct which was intentional in nature. The policy at issue excluded coverage where bodily injury was expected or intended by the insured. One of the defendants alleged the affirmative defense of self-defense was enough to trigger the duty to defend. While acknowledging that in certain circumstances a

trial court may look beyond the complaint in the underlying lawsuit to determine whether a duty to defend exists, the appellate court found such circumstances were not presented as the policy at issue did not have a self-defense exception to the exclusion for intentional acts. *Id.* at 847; *cf. Pekin Ins. Co. v. Wilson (Wilson I)*, 391 Ill.App.3d 505, 511, 330 Ill.Dec. 666, 909 N.E.2d 379, 386 (2009); *Pekin Ins. Co. v. Wilson (Wilson II)*, 237 Ill.2d 446, 466, 341 Ill.Dec. 497, 930 N.E.2d 1011 (2010) (duty to defend found where policy excepted self-defense from its intentional act exclusion).

Similarly to *Danner*, the Policy does not have a self-defense exception to the intentional injury exclusion. Thus, it is not necessary to determine whether McKinney's actions amounted to self-defense. As the court explained in *Danner*, "the question of whether the fact finder will ultimately resolve the underlying lawsuit by finding [McKinney] acted in self-defense is irrelevant for purposes of [Shelter Mutual's] duty to defend." *Danner*, 967 N.E.2d at 847. The conduct alleged in the King Complaint is intentional and there is no self-defense exception to the intentional injury exclusion. Thus, Shelter Mutual does not have a duty to defend McKinney in the underlying complaint. Finally, an insurer's duty to defend is much broader than its duty to indemnify. *Crum & Forster*, 156 Ill.2d at 398. In a case such as this where the facts alleged do not even potentially fall within the Policy's coverage, there will be no duty to indemnify. *Id.* Accordingly, Shelter Mutual's motion for summary judgment is **GRANTED** (Doc. 23).

## V. <u>CONCLUSION</u>

For the above-stated reasons, plaintiff Shelter Mutual Insurance Company's motion for summary judgment is **GRANTED** (Doc. 23). Shelter Mutual does not owe a duty to defend or indemnify defendant Steven McKinney in *Ryan Dale King v. Steve McKinney*, 2009-L-191, in the Circuit Court of Williamson County, Illinois under the Policy issued by Shelter Mutual to McKinney. Accordingly, the Court finds defendants Steven McKinney and Ryan Dale King have no rights under the Policy issued by Shelter Mutual. The Clerk is instructed to enter judgment accordingly.

**IT IS SO ORDERED.**

Signed this 21st day of March, 2013.

Digitally signed by
David R. Herndon
Date: 2013.03.21
09:17:15 -05'00'

**Chief Judge**
**United States District Court**